## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LAMARR SISTRUNK,

      Petitioner,

  v.

McGINLY, SUPT. SCI-COAL
TOWNSHIP,

      Respondent.

CIVIL ACTION NO. 3:16-CV-00815

(MUNLEY, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On May 9, 2016, the Court received and docketed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, originally signed and dated by the Petitioner, Lamar Sistrunk (hereinafter "Sistrunk"), on May 3, 2016. (Doc. 1). At the time of filing this petition, Sistrunk was incarcerated at SCI-Coal Township, located in Northumberland County, Pennsylvania. (Doc. 1, at 1). Sistrunk was paroled from custody during the pendency of this action and currently resides in Pennsylvania. (Doc. 18). For the following reasons, this Court respectfully recommends that the petition for habeas corpus be **DENIED.**

### I.    BACKGROUND AND PROCEDURAL HISTORY

#### A.   PROCEDURAL HISTORY

In his petition, Sistrunk challenges his June 25, 2012 sentence in the Court of Common Pleas of York County to five to ten (5-10) years in prison after he was convicted on April 13, 2012 on charges including delivery of cocaine and possession of cocaine with intent to deliver. (Doc. 1, at 1); *Commonwealth v. Sistrunk,* Docket No. CP-67-CR-5165-2011 (York Cnty.

C.C.P.).[1] Attorney Janan Tallo represented Sistrunk during pre-trial proceedings, and acted as stand-by counsel during Sistrunk's trial and sentencing,[2] while attorney Joshua Neiderhiser was appointed to represent Sistrunk on direct appeal. (Doc. 1, at 17); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.); *Commonwealth v. Sistrunk*, Docket No. 1281 MDA 2012 (Pa. Super. Ct.). After post-sentence motions, attorney Neiderhiser filed a Notice of Appeal on July 9, 2012[3] and was subsequently directed to file a Rule 1925(b) concise statement of matters complained of on appeal. (Doc. 14-3, at 129, 136). The statement raised the following two issues:

> (1) Did the trial court commit reversible legal error when it denied Sistrunk the opportunity to cross-examine the police officer regarding Khaidjah Jameson's charges and involvement in the case?

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records. Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly-available dockets of Sistrunk's criminal and collateral post-conviction proceedings in the Court of Common Pleas of York County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

[2] While Tallo entered an appearance as counsel of record for Sistrunk, numerous *pro se* pre-trial motions were filed by Sistrunk, including a Motion for Discovery on September 23, 2011, and a Motion to Suppress Evidence on November 29, 2011. *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.). On December 28, 2011 Sistrunk filed a *pro se* Motion for Removal of counsel, which was denied on January 25, 2012. *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.). Ultimately, Sistrunk represented himself *pro se* during his criminal jury trial and elected to have Tallo serve as standby counsel. (Doc. 14-1, at 122; Doc. 14-2, at 12).

[3] Sistrunk previously attempted to file a *pro se* notice of appeal to the Superior Court of Pennsylvania on July 3, 2012. However, as Sistrunk was represented by Attorney Neiderhiser, the Court of Common Pleas did not accept the filing. *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.)

(2) Did the trial court commit reversible legal error when it denied Sistrunk's numerous pre-trial motions?

(Doc. 14-3, at 134).

On April 16, 2013, the Pennsylvania Superior Court found that Sistrunk's first claim was without merit, and that his second claim was waived due to a vague Rule 1925(b) statement. (Doc. 14-4, at 52-65). Accordingly, the Court found that Sistrunk was not entitled to relief and affirmed his sentence. (Doc. 1, at 2, 22-25); *Commonwealth v. Sistrunk*, Docket No. 1281 MDA 2012 (Pa. Super. Ct.). Sistrunk did not seek allocatur in the Pennsylvania Supreme Court on direct appeal. (Doc. 1, at 2).

Upon the conclusion of direct review, Sistrunk filed a *pro se* petition for collateral relief under the Pennsylvania Post-Conviction Relief Act ("PCRA") in the York County Court of Common Pleas (the "PCRA Court") on December 9, 2013. (Doc. 1, at 3); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.). The PCRA Court appointed attorney Scott McCabe as Sistrunk's PCRA counsel and gave him leave to file an amended PCRA petition on Sistrunk's behalf. (Doc. 1, at 17; Doc. 14-4, at 149-151); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.). On April 7, 2014, McCabe filed a counseled amended PCRA petition and requested to hold an evidentiary hearing on the matter. (Doc. 14-4, at 175-179); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.). On November 25, 2014 the PCRA Court notified Sistrunk of its intent to dismiss his petition without an evidentiary hearing (the "Notice") pursuant to Pennsylvania Rule of Criminal Procedure 907, as the issues raised therein were without merit. (Doc. 14-4, at 188). Despite being counseled, Sistrunk filed a *pro se* response to the Notice on December 16, 2014, (Doc. 14-5, at 9-90) and the PCRA Court subsequently denied Sistrunk's petition on December 30, 2014, reasoning that: (1) there were no genuine issues of material fact; (2)

Sistrunk was not entitled to post-conviction relief as a matter of law; and (3) no purpose would be served by further proceedings. (Doc. 14-5, at 91); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.)). Through counsel, Sistrunk sought to appeal the denial of his PCRA petition to the Superior Court of Pennsylvania on January 13, 2015.[4] (Doc. 14-5, at 93-98); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.). Upon the Superior Court's directive, McCabe filed Sistrunk's 1925(b) Statement of Matters Complained of on February 6, 2015. (Doc. 14-5 at 114-117); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.). Despite being represented by McCabe, Sistrunk continued to file a number of documents *pro se*. *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.); *Commonwealth v. Sistrunk*, Docket No. 116 MDA 2015 (Pa. Super. Ct.).

As a result, on February 19, 2015 the Pennsylvania Superior Court ordered that a hearing be held pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988) in order to determine whether Sistrunk intended to knowingly waive his right to counsel. (Doc. 14-5, at 122); *Commonwealth v. Sistrunk*, Docket No. 116 MDA 2015 (Pa. Super. Ct.). At the *Grazier* hearing on March 2, 2015, the Court appointed McCabe as standby counsel for the remainder of Sistrunk's PCRA appeal, as it found that Sistrunk had "knowingly, intelligently, and voluntarily decided to represent himself." (Doc. 14-5, at 171, 174). Ultimately, while proceeding *pro se*, Sistrunk's PCRA appeal was dismissed by the Superior Court on July 22,

---

[4] Sistrunk attempted to file an additional *pro se* Notice of Appeal and motion to remove McCabe as his attorney on January 27, 2015. (Doc. 14-5, at 99-107). However, due to the fact that Sistrunk was represented by counsel, the Superior Court of Pennsylvania returned the documents as unfiled. (Doc. 14-5, at 108).

2015 for failure to file a timely brief. (Doc. 14-6, at 153); *Commonwealth v. Sistrunk*, Docket No. 116 MDA 2015 (Pa. Super. Ct.). On January 1, 2016, Sistrunk sought allowance of appeal with the Pennsylvania Supreme Court (Doc. 14-7, at 9-140), which was denied on March 30, 2016. (Doc. 14-7, at 230); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.); *Commonwealth v. Sistrunk*, Docket No. 116 MDA 2015 (Pa. Super. Ct.).

Sistrunk, proceeding *pro se*, signed and dated the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 3, 2016. (Doc. 1). On July 5, 2016, this Court provided Sistrunk with an election form pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), directing Sistrunk to indicate whether he wished to proceed on the § 2254 petition as filed or withdraw his petition so that he could later file a single all-inclusive petition setting forth all exhausted claims. (Doc. 5). Sistrunk elected to proceed on the petition as filed. (Doc. 6). On January 11, 2017, Respondent filed an answer to Sistrunk's petition, asserting that all of Sistrunk's claims were either procedurally defaulted or without merit. (Doc. 14). Sistrunk filed a reply to Respondents' answer on February 10, 2017. (Doc. 17). Having been fully briefed, this petition is now ripe for disposition.

B.  HABEAS CLAIMS PRESENTED

Sistrunk presents the following eight grounds for relief in his federal habeas petition:

(1)     Violations of his constitutional rights when the Commonwealth lacked jurisdiction to prosecute, based upon an invalid search warrant and no probable cause;

(2)     Denial of his constitutional right to pre-trial counsel during the preliminary proceedings in violation of the Sixth and Fourteenth Amendments;

(3)     Violations of his constitutional rights when he was denied the opportunity to cross-examine and confront the Commonwealth's confidential informant at trial;

(4)     Violations of his constitutional rights when the Commonwealth failed to provide certain discovery and favorable evidence;

5

(5)     Ineffective assistance of pre-trial counsel by failing to: (1) investigate the case; (2) subpoena certain documents from the commonwealth; (3) submit an amended motion to suppress evidence; and (4) provide valid legal advice;

(6)     Ineffective assistance of appellate counsel by failing to ensure a complete and accurate record and raise arguments regarding the discovery and confrontation clause violations;

(7)     Ineffective assistance of PCRA counsel by failing to raise all of Sistrunk's requested claims and adequately review the record; and

(8)     Denial of meaningful appellate review by the Pennsylvania Superior Court for relying on an inaccurate factual record in order to make their determination that was contrary to well-established Federal Law.

(Doc. 1, at 5-13).

## II.   DISCUSSION

### A.   EXHAUSTION AND PROCEDURAL DEFAULT STANDARDS

#### 1.  Exhaustion of Available State Court Remedies

In the response to Sistrunk's habeas petition, Respondents argue that Sistrunk's first, second, third, fourth, fifth, sixth and seventh grounds for relief are not properly before this Court because the claims were either not fairly presented to the state courts or procedurally defaulted due to an adequate and independent state court rule. (Doc. 14, at 21-29). Generally, a federal district court may not address the merits of a habeas petition unless all of the claims contained in the petition have been exhausted. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at 845 ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the State's established appellate review process.").

The United States Court of Appeals for the Third Circuit notes that "'[f]air presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). Exhaustion also "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. In Pennsylvania, a federal claim is deemed exhausted once it is presented to the Superior Court of Pennsylvania—either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief—because the Pennsylvania Supreme Court is not considered an "available" state court remedy. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (declaring review from the Pennsylvania Supreme Court to be "'unavailable'" for purposes of exhausting state court remedies); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, (Pa. May 9, 2000); Pa.R.A.P. 1114 historical notes (Order of May 9, 2000).

## 2. Procedural Default

In addition, "[C]laims deemed exhausted because of a state procedural bar are procedurally defaulted . . . " *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (citing *McCandless*, 172 F.3d at 260). Generally, a federal court will not review a claim that is procedurally defaulted. *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[S]tate procedural rules have been held to be inadequate if they are not 'firmly

established and regularly followed,' or if they are 'novel[ ]' and unforeseeable." *Bronshtein v. Horn*, 404 F.3d 700, 707 (3d Cir. 2005) (alteration in original) (citations omitted) (quoting *Ford v. Georgia,* 498 U.S. 411, 424 (1991); *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 457 (1958)). These requirements "ensure[ ] that federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule." *Bronshtein*, 404 F.3d at 707.

## B. CAUSE AND PREJUDICE EXCEPTION TO PROCEDURAL DEFAULT

Notwithstanding procedural default, a federal court may review the merits of procedurally defaulted claims if the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the claim is not considered. *Lines*, 208 F.3d at 160; *McCandless*, 172 F.3d at 260. It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750. To show "cause," a petitioner must establish "that some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner satisfies the "prejudice" prong by showing that the trial was "unreliable or . . . fundamentally unfair" because of a violation of federal law. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Alternatively, in order to demonstrate a "fundamental miscarriage of justice," a petitioner must present new evidence to show "that constitutional error has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

C. Procedurally Defaulted Claims for Federal Habeas Relief

In the response to Sistrunk's habeas petition, Respondents contend that grounds one through seven (1-7) for relief are procedurally defaulted, and thus not reviewable in federal court. (Doc. 14, at 21-29). Specifically, Respondents allege that grounds one (lack of jurisdiction due to a defective search warrant), five (ineffective assistance of pre-trial counsel), six (ineffective assistance of appellate counsel), and seven (ineffective assistance of PCRA counsel) are procedurally defaulted by virtue of an independent and adequate state court rule. (Doc. 14, at 19-21). Further, Respondents submit that Sistrunk had a full and fair opportunity to litigate grounds two (denial of right to pre-trial counsel), three (inability to cross-examine and confront the confidential informant), and four (pre-trial discovery violations) in state court, and is now procedurally barred from raising these claims in the instant petition. (Doc. 14, at 19, 26).

**1. Ground One**

In ground one of his petition for federal habeas relief, Sistrunk avers that his constitutional rights were violated by the Commonwealth executing an invalid search warrant and lacking probable cause to support his arrest. (Doc. 1, at 5). In Sistrunk's direct appeal from his judgement of sentence, however, only two claims were raised to the Superior Court of Pennsylvania: (1) whether Sistrunk should have been permitted to cross examine the witness police officer regarding any charges against Kaidjah Jameson, the other person found in his apartment at the time of his arrest; and (2) whether the trial court erred by denying various pre-trial motions. (Doc. 14-4, at 57). Upon review, the Superior Court found that the trial court did

not err in its evidentiary ruling, and denied Sistrunk's first argument.[5] (Doc. 14-4, at 63).

Further, the Superior Court determined that the second argument was waived due to lack of specificity, as Sistrunk did not allege how the trial court erred in its denial of his numerous pre-trial motions.[6] (Doc. 14-4, at 65). Specifically, the Court indicated that Sistrunk's claim could have referred to various pre-trial motions, including but not limited to:

> "…[A] motion to suppress (on the basis that the search warrant was issued as a result of false or insufficient averments by the police); a motion to suppress (on the basis that no search warrant was ever issued); a motion to suppress (on the basis that the search warrant was actually issued against another person); a motion to dismiss (on the basis that the affidavit of probable cause was not sealed); [and] a motion to dismiss (based upon a lack of personal jurisdiction)…"

(Doc. 14-4, at 64).

Therefore, by merely advancing a "boilerplate Rule 1925(b) statement," the Court could not ascertain the basis for Sistrunk's appeal.[7] (Doc. 14-4, at 65).

---

[5] The Court notes that this claim was fairly presented to the Superior Court of Pennsylvania in Sistrunk's direct appeal. However, Sistrunk does not assert this properly exhausted claim in the instant habeas petition. (Doc. 1, at 8).

[6] Under Pennsylvania Rule of Appellate Procedure 1925(b), Sistrunk was required to file a concise statement of the matters complained of on direct appeal from his judgment of sentence. *See Commonwealth v. Lemon,* 804 A.2d 34, 37 (Pa.Super.Ct.2002); ("Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal."); *see also Commonwealth v. Butler,* 756 A.2d 55, 57 (Pa.Super.Ct.2000) ("When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review.").

[7] In addition, the Trial Court's 1925(a) Opinion dated September 24, 2012 indicated that a number of the pre-trial motions were filed *pro se* while Sistrunk was represented by counsel. (Doc. 14-3, at 161). Citing *Commonwealth v. Williams,* 270 Pa.Super. 27, 410 A.2d 880 (1979), the Court stressed that a defendant is unable to proceed as co-counsel in their own defense when they are already represented by an attorney. (Doc. 14-3, at 161). Accordingly, the Court

Under Pennsylvania law, it is well established that overly vague language in a 1925(b) statement allows for waiver of a claim on appeal. *See McKinnon v. Harlow*, No. CIV.A. 12-6308, 2015 WL 400471, at *5 (E.D. Pa. Jan. 28, 2015); *See e.g. Lineberger v. Wyeth,* 894 A.2d 141, 148–49 (Pa.Super.Ct.2006) (finding waiver of an issue in a 1925(b) statement when described in an overly vague manner). Further, the Superior Court's determination of waiver under Rule 1925(b) has been deemed an adequate basis to invoke the doctrine of procedural default. *See Pugh v. Overmyer*, No. 3:15-CV-0364, 2017 WL 3701824, at *10 (M.D. Pa. Aug. 28, 2017) (citing *Branthafer v. Glunt*, No. 3:14-CV-294, 2015 WL 5569128, at *14 (M.D. Pa. Sept. 22, 2015); *see also Buck v. Colleran*, 115 F.App'x 526, 527-28 (3d Cir. 2004). Here, the Superior Court presumed that Sistrunk's challenge generally included pre-trial motions involving the validity of the Commonwealth's search warrant and basis of probable cause. (Doc. 14-4, at 64). As these motions contemplated identical issues to those raised in ground one of Sistrunk's petition for federal habeas relief, the Court finds that ground one was encompassed under the broad 1925(b) statement on direct appeal. (Doc. 14-4, at 65). Thus, absent a showing of "cause and prejudice," ground one is defaulted due to Sistrunk's waiver of the claim under Pa.R.A.P. 1925(b).[8] (Doc.

---

of Common Pleas of York County found that Sistrunk's 1925(b) statement failed to indicate how the trial court erred. (Doc. 14-3, at 160).

[8] The Court notes that Sistrunk raised similar arguments regarding the validity of the warrant and basis for probable cause in his initial *pro se* petition for PCRA relief. (Doc. 14-4, at 69, 73). However, these claims were ultimately abandoned in his counseled and amended PCRA petition, filed April 7, 2014. (Doc. 14-4, at 175). Under Pennsylvania law, when a litigant is represented by counsel, the state court will not entertain *pro se* briefs, and thus any claims presented by a represented litigant exclusively in *pro se* filings are not "fairly presented" to the state court. *See Hurlburt v. Lawler*, No. 1:CV-0300665, 2008 WL 2973049, at *12 (M.D. Pa. Aug. 4, 2008) (discussing *Commonwealth v. Ellis*, 626 A.2d 1137, 1141 (Pa. 1993)); *White v. Cameron*, No. 08-CV-02948, 2008 WL 4861154, at *4 (E.D. Pa. Nov. 6, 2008) ("When a petitioner files a *pro se* PCRA petition, but subsequently obtains counsel and files an amended petition, the court will review only the counseled petition.") (citing *Commonwealth v. Pursell,* 724

14-4, at 65); *See Lines*, 208 F.3d at 160; *see also Pugh*, 2017 WL 3701824 at *10.

As discussed *supra*, to demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with [a] procedural rule." *Murray*, 477 U.S. at 488. "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" *Wise v. Fulcomer,* 958 F.2d 30, 34 n.9 (3d Cir. 1992) (quoting *McCleskey v. Zant,* 499 U.S. 467, 494 (1991). Sistrunk attempts to overcome his procedural default by arguing in his reply brief that any failure to obtain state court review of this claim was due to no fault of his own. (Doc. 17, at 30). Rather, he states that any procedural default was due to ineffective assistance of "prior counsels." (Doc. 17, at 44). Sistrunk additionally posits that "but for [Neiderhiser's] unprofessional errors, the state proceedings would have been different." (Doc. 17, at 36).

The governing standard for ineffective assistance of counsel is set forth in the seminal case *Strickland v. Washington*, 466 U.S. 668 (1984). "Under *Strickland*, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). This review of counsel's performance must be "highly deferential," as the petitioner has the burden of overcoming the

A.2d 293, 302 (Pa.1999)). While similar arguments were also raised in the form of ineffective assistance of counsel claims, as discussed *infra*, such allegations on Sistrunk's PCRA appeal were abandoned due to his failure to file a brief with the Superior Court. (Doc. 14-6, at 153).

strong presumption that his counsel's conduct fell "within the wide range of reasonable professional assistance" and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. Even if a petitioner demonstrates that his attorney's performance fell below prevailing professional norms, habeas relief will only be available if he further demonstrates that this deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 691-92. To demonstrate that he was prejudiced by counsel's ineffective performance, a petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Courts properly deny an ineffective assistance of counsel claim upon determining that a petitioner fails to make a sufficient showing under either the performance component or the prejudice component, without any need to address the other prong. *Strickland*, 466 U.S. at 697.

Although Sistrunk implies in his Traverse that any procedural default of this claim should be excused due to "cause and prejudice" and a "fundamental miscarriage of justice," he fails to demonstrate how either of these concepts apply to the facts of his case. (Doc. 17, at 30, 46). Instead, Sistrunk merely avers that "appellate counsel [Neiderhiser] was ineffective and provided deficient unreasonable representation on first appeal as of right, which prejudice[d] [Sistrunk]…" (Doc. 17, at 34). This Court is hard pressed to find how this conclusory allegation establishes a sufficient showing of deficient performance, and thereby fails under the first prong of *Strickland*. Moreover, Sistrunk has failed to demonstrate how Neiderhiser's decision not to raise ground one on direct appeal prejudiced his case. Neiderhiser's alleged ineffectiveness was aptly addressed by the Trial Court in its Pa.R.C.P. 907 Notice, wherein the Court found that

Sistrunk's arguments were "not of arguable merit." [9] (Doc. 14-4, at 188-194). Based on the analysis of Sistrunk's claims, which included arguments regarding the sufficiency of the Commonwealth's search warrant and probable cause, this Court is remiss to disagree with the Trial Court's conclusion. (Doc. 14-4, at 188-194); *see Edrington v. Klopotoski*, No. 3:09-CV-585, 2015 WL 999241, at *7 (M.D. Pa. Mar. 6, 2015) (citing *Hartey v. Vaughn,* 186 F.3d 367, 372 (3d Cir.1999)) ("[C]ounsel cannot be deemed ineffective for not pursuing a meritless claim"). Accordingly, Sistrunk has failed to show prejudice under the second prong of *Strickland*.

As a result, Sistrunk's unfounded allegations do not establish "that some objective factor external to the defense impeded [the ability] to comply with the [Pennsylvania]'s procedural rule," or "that constitutional error has resulted in the conviction of one who is actually innocent of the crime." *Murray,* 477 U.S. at 488; *Schlup,* 513 U.S. at 324. As Sistrunk has failed to identify justifiable cause to excuse his default, it is recommended that his first ground for relief be denied as procedurally defaulted.

---

[9] After being appointed counsel, Sistrunk filed an amended PCRA petition on April 7, 2014, in which the asserted grounds for relief were that: 1) appellate counsel rendered ineffective assistance by failing to properly raise the issue of an invalid search warrant and accompanying affidavit of probable cause; (2) appellate counsel rendered ineffective assistance by failing to properly raise the issue of an invalid criminal complaint and accompanying affidavit of probable cause; (3) appellate counsel rendered ineffective assistance by not objecting to the improper admission of the search warrant inventory sheet into evidence; (4) appellate counsel rendered ineffective assistance by failing to properly raise the issue of a vague police criminal complaint and affidavit of probable cause that was issued by an authority without proper jurisdiction; (5) appellate counsel rendered ineffective assistance by admitting into evidence certain testimony involving the Commonwealth's confidential informant in violation of the Pennsylvania Wiretapping act; and (6) appellate counsel rendered ineffective assistance by not raising the issue of abuse of discretion when the trial court admitted certain evidence that was not previously disclosed to the defense. (Doc. 14-4, at 176-178). Upon review, The PCRA court dismissed Sistrunk's amended petition pursuant to the Notice on November 25, 2014, and found the claims to be without merit. (Doc. 14-4, at 188-195).

## 2. Grounds Two, Three, and Four

Respondents further aver that grounds two (denial of counsel at the pre-trial stage), three (denial of the opportunity to cross-examine and confront the confidential informant), and four (violation of the Commonwealth's discovery obligations) are procedurally defaulted as the claims were not properly exhausted in state court. (Doc. 14, at 26-27). Specifically, Respondents argue that these issues were not adequately raised in state court proceedings when Sistrunk had a full and fair opportunity to litigate them. (Doc. 14, at 26).

As discussed *supra*, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief.[10] *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Here, Sistrunk claims that he was denied counsel during critical pre-trial proceedings (ground two), that he was denied his constitutional right to cross-examine and confront the Commonwealth's confidential informant (ground three), and that the Commonwealth failed to provide him with favorable evidence and discovery (ground four). (Doc. 1, at 6-9). The record reveals that Sistrunk did not present these arguments to the Superior Court on direct appeal from his criminal conviction, in his counseled petition for PCRA relief, or on appeal from the denial of his PCRA petition. (Doc. 14-3, at 134; Doc. 14-4, at 176-179; Doc. 14-5, at 114). While Sistrunk originally raised generalized claims of denial of appointed counsel during preliminary hearings and "unavailability [] of exculpatory evidence"

---

[10] The Court notes that while Sistrunk's PCRA claims were dismissed on procedural grounds for failing to file a brief with the Superior Court of Pennsylvania, claims two, three, and four were not asserted in his counseled amended petition for PCRA relief. (Doc. 14-4, 176-179).

in his *pro se* petition, these claims were abandoned when his counsel filed an amended petition for PCRA relief. (Doc. 14-4, at 69); *See White*, 2008 WL 4861154 at *4. Further, although Sistrunk raised all three of these grounds in his second *pro se* 1925(b) statement filed on March 9, 2015 (Doc. 14-5, at 190), the trial court did not address those issues as it had already issued a 1925(a) statement on March 3, 2015.[11] (Doc. 14-5, at 177). Thus these claims, as presented in Sistrunk's federal habeas petition, were not properly exhausted in state court.

Nevertheless, if Sistrunk were to return to state court now to attempt to exhaust these claims in a new PCRA petition, his petition would be untimely and the matter would be dismissed pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). Under this state statute, a PCRA petition must be filed "within one year of the date the judgment becomes final…" *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(1). Judgment becomes final at the conclusion of direct review, which includes discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking that review. 42 Pa. Cons. Stat. § 9545(b)(3); *Commonwealth v. Owens*, 718 A.2d 330 (Pa. Super. 1998). Here, Sistrunk did not seek allocatur on direct review in the Pennsylvania Supreme Court, so his sentence became final on May 16, 2013, 30 days after the Superior Court affirmed the judgment of sentence on April 16, 2013. (Doc. 1, at 2); *Commonwealth v. Sistrunk*, Docket No. CP-67-CR-5165-2011 (York Cnty. C.C.P.); *see* Pa. R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior

---

[11] In an excerpt from a letter from attorney McCabe, Sistrunk was notified that in order for his first *pro se* 1925(b) statement to be reviewed he might consider resubmitting the statement before a Rule 1925(a) Opinion was issued. (Doc. 17, at 71). The Court notes that while Sistrunk did not provide this letter in its entirety in his Traverse, it was presumably sent after the *Grazier* hearing was held on March 2, 2015.

Court . . . sought to be reviewed."). Because Sistrunk's conviction became final well over a year ago, any attempt by Sistrunk to file a new PCRA petition would be barred as untimely under 42 Pa. Cons. Stat. § 9545(b).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, Sistrunk's second, third and fourth federal claims are technically exhausted, as any attempt to now exhaust these claims would be futile.

Nevertheless, without more, technical exhaustion does not allow a federal court to proceed to the merits of a claim. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000). Rather, such claims are procedurally defaulted and prevented from habeas review "unless [Sistrunk] establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his [] default. *See McCandless,* 172 F.3d at 260 (citing *Coleman,* 501 U.S. at 750). As discussed *supra*, Sistrunk avers that any procedural default should be excused due to the ineffective assistance of his prior counsel. (Doc. 17, at 44). However, Sistrunk has not established with particularity how either attorney Neiderhiser or McCabe rendered constitutionally deficient performances by declining to assert these claims in state court. Moreover, "when counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *See Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). As such, in both his

petition and traverse, Sistrunk has failed to overcome the strong presumption that counsel was effective under *Strickland*. 466 U.S. at 689-90.

Accordingly, this Court recommends that claims two, three, and four for relief be denied as they are procedurally defaulted.

### 3. Grounds Five, Six, and Seven

In his petition, Sistrunk also alleges three instances of ineffective assistance of counsel: ineffective assistance of pretrial counsel (ground five); ineffective assistance of appellate counsel (ground six); and ineffective assistance of PCRA counsel (ground seven). (Doc. 1, at 11-12). Respondents submit that these claims are procedurally defaulted due to an independent and adequate state court rule. (Doc. 14-4, at 25). Specifically, Respondents argue that because Sistrunk failed to file a brief in support of his PCRA appeal with the Superior Court, the dismissal of the ineffective assistance claims on procedural grounds precludes habeas relief. (Doc. 14, at 24).

As a preliminary matter, the Court notes that Sistrunk's counseled amended PCRA petition only included allegations of ineffective assistance of appellate counsel, Joshua Neiderhiser.[12] However, the PCRA Court found these claims were without merit and dismissed Sistrunk's amended petition. (Doc. 14-4, at 188-195). Sistrunk subsequently appealed the denial of PCRA relief, but failed to file a brief in accordance with the Pennsylvania Rules of Appellate Procedure. (Doc. 1, at 21). As such, the Superior Court of Pennsylvania has not reviewed any ineffective assistance of counsel claims, including the ineffective assistance of pre-trial counsel

---

[12] *See supra* n. 10.

(ground five) and PCRA counsel (ground 7), presented on appeal from collateral review.[13] Thus, any attempt to now raise these arguments in a habeas petition would be un-exhausted.

As discussed *supra*, federal review of a § 2254 habeas petition is not permitted where the claims asserted have been disposed of in state courts on independent and adequate state grounds. *See Wainwright v. Sykes*, 433 U.S. 72, 81-85 (1977). This bar applies not only to decisions on the merits of the claims, but also to those rejected by the state courts on procedural grounds. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). Likewise, a court is barred from entertaining claims that are "unexhausted" by the petitioner in state courts. *See* 28 U.S.C. § 2254(b). Here, Respondents allege that the ineffective assistance of counsel claims are procedurally defaulted due to Sistrunk's failure to file a brief with the Superior Court of Pennsylvania. (Doc. 14, at 24-26). As such, Respondents submit that these claims were dismissed on the basis of an independent and adequate state court rule. (Doc. 14, at 24).

Independence and adequacy are distinct. *See Johnson v. Pinchack*, 392 F.3d 551 (3d Cir. 2004). A rule is considered independent if not "so interwoven with federal law that it can not be said to be independent of the merits of a petitioner's federal claims." *Johnson*, 392 F.3d at 557 (citing *Coleman,* 501 U.S. at 740). Here, Rule 2101 of Pennsylvania Rules of Appellate Procedure states that "[b]riefs [] shall conform in all material respects with the requirements of these rules…, otherwise…the appeal [] may be [] dismissed." Pa.R.A.P. 2101. As the rule of dismissal for failure to file a brief is procedural in nature, it is in no way "interwoven" with

---

[13] *See Coleman,* 501 U.S., at 731–732 ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address the merits of 'those claims in the first instance.'").

federal law governing the merits of Sistrunk's petition. *See Johnson,* 392 F.3d at 557. Thus, Pa.R.A.P. 2101 is a plainly independent rule for the purposes of procedural default.

A rule is considered adequate if "(1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance is consistent with other decisions." *Jacobs v. Horn,* 395 F.3d 92, 117 (3d Cir.2005). Here, each of these requirements is met. The state procedural rule at issue allows for the dismissal of claims when failing to comply with briefing requirements, and the Superior Court dismissed Sistrunk's appeal from the PCRA decision without addressing the merits of his arguments. Moreover, the rule is firmly established, as "[t]he Supreme Court of Pennsylvania has acknowledged that there is an administrative practice by the Superior Court of Pennsylvania to 'dismiss [ ] appeals if the appellant's brief has not been filed after a substantial delay.'" *See Saterstad v. Wingard,* No. 4:13-CV-00847, 2016 WL 867122, at *2 (M.D. Pa. Mar. 7, 2016), *certificate of appealability denied* (July 22, 2016) (citing *Commonwealth v. Robinson,* 837 A.2d 1157, 1162 (Pa. 2003); see also *Thompson v. Pennsylvania,* No. CIV.A. 14-1563, 2015 WL 6067967, at *6 (W.D. Pa. Oct. 15, 2015) (finding there was no basis for federal habeas relief when the petitioner's failure to file a brief with the Superior Court of Pennsylvania constituted procedural default). Accordingly, as the dismissal of Sistrunk's PCRA appeal was based upon independent and adequate state court grounds, Sistrunk's ineffective assistance of counsel claims are procedurally defaulted.

The procedural default, however, may be excused if Sistrunk can demonstrate cause and prejudice or that failure to review the claim on the merits will result in a miscarriage of justice. *See Lines,* 208 F.3d at 160. Here, the record indicates that Sistrunk was notified of the briefing requirement on multiple occasions. Indeed, during the *Grazier* hearing held on March 2, 2015,

the Superior Court informed Sistrunk that the only outstanding requirement in the pending matter was the preparation of an appellate brief regarding the denial of his PCRA petition:

> THE COURT:         [] You want to write the brief rather than having a lawyer write the brief? Is that what you're telling me?
> THE DEFENDANT:   On my appeal?
> THE COURT:         Yeah.
> THE DEFENDANT:   Yes, I want to do my brief.

(Doc. 14-5, at 157).

Moreover, in an Order dated March 12, 2015, the Superior Court of Pennsylvania reiterated the briefing requirements and deadlines pursuant to Pa.R.A.P. 2185(a). (Doc. 17, at 68). Therein, the Court explicitly notified Sistrunk that "upon failure to timely file briefs [], the court will, on its own motion and without further notice, dismiss the appeal." (Doc. 17, at 68). However, the only apparent basis that Sistrunk provides for his failure to submit a brief is an unsupported allegation that the certified record was incorrect. (Doc. 17, at 16, 37). As presented, this does not constitute an "objective factor external to [Sistrunk's] defense" that precluded him from meeting the briefing deadline as imposed by the Superior Court. *See Murray,* 477 U.S. at 488; *see also Wise,* 958 F.2d at 34 n.9. Accordingly, Sistrunk fails to establish cause that would excuse the procedural default of his ineffective assistance of appellate counsel claim (ground six).[14]

---

[14] In addition, the Court notes that Sistrunk has not alleged any basis for cause that would excuse his procedural default of the ineffective assistance of PCRA counsel claim (ground seven). This allegation was neither raised in Sistrunk's counseled PCRA petition, nor in his moot *pro se* 1925(b) statement of errors complained of on appeal. (Doc. 14-5, at 190). Accordingly, for similar reasons to ground six, ground seven is barred from federal habeas review as procedurally defaulted.

With respect to the ineffective assistance of pre-trial counsel claim (ground five), Sistrunk indicates that these arguments were not exhausted due to PCRA Counsel McCabe "narrow[ing] the class of claims raised in [Sistrunk's] *pro se* PCRA petition." (Doc. 17, at 37). Thus, he implies that his procedural default should be excused because the failure of appointed counsel to advance this claim in initial PCRA proceedings constituted ineffective assistance of counsel. (Doc. 17, at 37).

In a recent decision, the Supreme Court of the United States recognized that, under certain circumstances, the procedural default of an ineffective assistance of trial counsel claim may be excused where the default was caused, in turn, by ineffective assistance of counsel in post-conviction collateral proceedings. *See Martinez v. Ryan*, 566 U.S. 1, 7-19 (2012). Specifically, the *Martinez* Court held that:

> "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."

> *Martinez*, 566 U.S. at 17.

The *Martinez* Court explicitly limited its holding to cases where state procedural law provided that "claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding" — that is, in states like Arizona, where state procedural law explicitly prohibited the adjudication of ineffective assistance claims on direct appeal. *Martinez*, 566 U.S. at 17. Shortly thereafter, the Supreme Court revisited its *Martinez* holding, extending it to apply not only to cases where state procedural law expressly prohibited ineffective assistance claims on direct appeal, but also where "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."

*Thaler*, 133 S. Ct. 1911, 1921 (2013). The Third Circuit has subsequently examined Pennsylvania procedural law and found that *Martinez* applies in Pennsylvania. *Cox v. Horn*, 757 F.3d 113, 124 n.8 (3d Cir. 2014).

Here, Sistrunk contends that Attorney McCabe was ineffective because he failed to include the ineffective-assistance of pre-trial counsel claim in the amended PCRA petition. (Doc. 17, at 37). Under *Martinez*, the failure of a federal habeas petitioner's counsel to raise an ineffective assistance of trial counsel claim in an initial-review collateral proceeding can constitute "cause" if: (1) PCRA counsel's failure itself constituted ineffective assistance of counsel under *Strickland*; and (2) the underlying ineffective assistance of trial counsel claim[15] is "a substantial one," meaning that "the claim has some merit." *Martinez*, 566 U.S. at 14; *see also Glenn v. Wynder*, 743 F.3d 402, 410 (3d Cir. 2014). "Under *Strickland*, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." *Marshall*, 307 F.3d at 85.

In this case, however, the Court does not find that Attorney McCabe's performance was objectively unreasonable. "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer

---

[15] Here, the Court notes that Sistrunk has not alleged ineffective assistance of trial counsel, but rather ineffective assistance of pre-trial counsel. "[A] defendant who elects to represent himself on appeal cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975). Therefore, in deference to Sistrunk's *pro se* status, the Court will consider the ineffective assistance of pre-trial counsel claim under *Martinez*. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013) (noting a court's obligation to liberally construe the filings of incarcerated *pro se* litigants); *but see Cook v. Ryan*, 688 F.3d 598, 610 (9th Cir. 2012) (declining to extend *Martinez* to an ineffective assistance of pre-trial counsel claim when petitioner had represented himself at trial).

neglect." *See Yarborough*, 540 U.S. at 8. Further, the Court finds that the underlying ineffective assistance of counsel claim against attorney Tallo was not "substantial." *See Martinez*, 566 U.S. at 14. Here, Sistrunk was represented by Tallo from August 15, 2011 (Doc. 14-1, at 47) until she was appointed as standby counsel on March 21, 2012. (Doc. 14-1, at 134). During that time, Sistrunk filed a motion to remove Tallo as counsel, as he argued her representation was deficient for failing to file certain pre-trial motions. (Doc. 14-1, at 96). In response, Tallo expressed that she did not pursue Sistrunk's requested motions as she believed the issues addressed therein were without merit. (Doc. 14-1, at 98). Further, the record establishes that Tallo advised Sistrunk as to why his requested pre-trial motions had not been filed. (Doc. 14-1, at 99, 119). Specifically, Tallo stated that she had an obligation not to file frivolous motions with the court, upon her determination that the Commonwealth's search warrant could not be invalidated. (Doc. 14-1, at 102). Tallo's decision was also discussed with additional counsel, who was also of the same opinion that there were no legal issues to be raised. (Doc. 14-1, at 102). Thus, it is evident that Sistrunk's claim of ineffectiveness is not a substantial one.

Moreover, even if attorney Tallo did render deficient representation, Sistrunk could have attempted to correct the alleged errors upon electing to represent himself. Indeed, during a motion hearing on December 21, 2011, the Court discussed various *pro se* documents that had been filed by Sistrunk:

> "The issue before the Court is a *pro se* filing by the Defendant when he has counsel of record…Any matters regarding your care that are filed in the Court must be filed by your lawyer and/or by your counsel of record. If you want to represent yourself, fire your lawyer. I'll determine whether you are capable of representing yourself. Then you can file whatever you want to file."

(Doc. 14-1, at 86).

The finding of Sistrunk's waiver of trial counsel has been fully litigated and is not at

issue in the instant petition. (Doc. 14-1, at 114-129). Further, Sistrunk had ample opportunity to pursue his desired arguments over the course of his trial. Accordingly, the allegedly deficient performance of Attorney McCabe cannot constitute cause sufficient to excuse the procedural default of Sistrunk's fifth claim, as the underlying argument was not a colorable claim under *Martinez*.

Therefore, it is recommended that the petition be denied with respect to Sistrunk's ineffective assistance of counsel claims (grounds five, six, and seven) on the basis that they are barred by procedural default.

### D. Remaining Ground for Habeas Relief

In his eighth ground for habeas relief, Sistrunk alleges that the Superior Court of Pennsylvania denied his right to meaningful appellate review by making its determinations upon "an inaccurate, incomplete record contrary to well established federal law." (Doc. 1, at 12). Respondents aver that Sistrunk's claim is unsupported and lacking in specificity, and should thus be denied for failure to state a claim upon which relief can be granted. (Doc. 14, at 30).

As a preliminary matter, the Court notes that the basis for this claim appears to stem from Sistrunk's dissatisfaction with the contents of the certified record on appeal from the PCRA Court's decision. (Doc. 17, at 16-17). On March 12, 2015, the Superior Court notified Sistrunk of his responsibility to ensure that the record was complete with all necessary documents regarding the issues raised on appeal. (Doc. 17, 68); *Commonwealth v. Sistrunk, Docket No. 116 MDA 2015 (Pa. Super. Ct.)*. In response, on March 30, 2015 Sistrunk filed an application for relief with the Superior Court in which he requested a Stay of Proceedings and an Extension of Time to File a Brief, as the record was "inaccurate and incomplete for collateral

review." (Doc. 17, at 16; Doc. 14-6, at 10). Further, Sistrunk filed multiple motions to compel hearing transcripts in addition to applications for correction of the original record with the Superior Court, which were ultimately denied.[16] (Doc. 14-7, at 19-21); *Commonwealth v. Sistrunk*, Docket No. 116 MDA 2015 (Pa. Super. Ct.). Thus, Sistrunk's claim appears to challenge the Superior Court's denial of his various attempts to correct the certified record, which thereby impeded Sistrunk's "opportunity to perfect," and presumably file, a brief with the Superior Court. (Doc. 1, at 15; Doc. 14-7, at 16; Doc. 17, at 49). Sistrunk also seems to argue that the briefing requirement in and of itself was an abuse of discretion, as "the material facts [in] the record[] and inventory list [were] inaccurate and incomplete for a reasonabl[y] adequate brief." (Doc. 17, at 16). Further, in his Traverse, Sistrunk raises for the first time a denial of his due process rights by not receiving copies of certain state court transcripts. (Doc. 17, at 42). As a result, Sistrunk avers that he was precluded from pursuing his raised claims in violation of his right to meaningful appellate review. (Doc. 17, at 49).

Out of an abundance of caution and in deference to Sistrunk's *pro se* status, the Court will consider his eighth ground for federal habeas relief on the merits. *See Mala*, 704 F.3d at 244-46; *see also* 28 U.S.C.A. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). Sistrunk's allegation that he was denied meaningful appellate review

---

[16] During the pendency of the PCRA appeal, Sistrunk also filed a number of *pro se* pleadings with the Supreme Court of Pennsylvania. Such documents included a Petition for Writ of Prohibition, which was denied on August 19, 2015. (Doc. 14-7, at 22); *Sistrunk v. Commonwealth,* Docket No. 93 MM 2015 (Pa.). In his petition, Sistrunk appears to contest the denial of his petition for allowance of appeal from the Supreme Court's order. However, the Court notes that as this decision was not rendered by the Superior Court, the Supreme Court's denial is not within the scope of ground eight.

implicates both the right to due process and equal protection.[17] See *DeGondea v. West*, No. 04 CIV 7457 GBD DF, 2010 WL 4942223, at *17 (S.D.N.Y. June 2, 2010), *report and recommendation adopted*, No. 04 CIV 7457 GBD DF, 2010 WL 4942266 (S.D.N.Y. Dec. 3, 2010); *see also Witjaksono v. Holder*, 573 F.3d 968, 974 (10th Cir. 2009) (quoting *Oroh v. Holder*, 561 F.3d 62, 65 (1st Cir.2009)) ("An elementary component of due process is the right to meaningful appellate review."). Meaningful appellate review "necessarily means one is entitled to a reasonably complete and accurate transcript, or an adequate substitute." *See Marincas v. Lewis*, 92 F.3d 195, 203 (3d Cir.1996) (noting that one of "the most basic of due process protections" is "a complete record of the proceeding"). However, to obtain relief under this standard, one must "do more than point out the transcription defects and label them significant." *See Witjaksono*, 573 F.3d at 974–75.

Here, Sistrunk's implied due process violation falls short. The record establishes that Sistrunk merely attempted to correct the record so as to "point out where [] in the record the error[s] lie certain." (Doc. 17, at 42). Further, the record reveals that the denial of Sistrunk's various motions to compel transcripts were based upon reasonable grounds (request for pre-trial transcripts denied as moot as they were already included in the certified record; request for

---

[17] In his Traverse, Sistrunk generally alleges that the Superior Court's decision not to correct the record was "contrary to well established federal law and not in compliance with equal protection…" (Doc. 17, at 44). The Equal Protection Clause of the Fourteenth Amendment provides that all individuals similarly situated must be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Here, Sistrunk has failed to provide any facts that would support an equal protection claim. Specifically, Sistrunk has not demonstrated that the Superior Court's denial of his motions constituted discriminatory treatment based upon his membership in a protected class, such as gender or race. *See McLaughlin v. Florida*, 379 U.S. 184, 192 (1964). Further, Sistrunk has not alleged that the decisions amounted to differential treatment as compared to similarly situated individuals. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Simply stated, this Court finds that Sistrunk's unfounded allegation does amount to a viable equal protection claim.

transcript of jury scheduling denied as no such transcripts existed; request for transcript of pre-trial conference on July 28, 2011 denied as no hearing occurred on that date; request for preliminary hearing transcripts in an unrelated docket be deferred pending the decision of Sistrunk's appeal). (Doc. 14-7, at 19-20). Accordingly, this Court finds that the record was "reasonably complete" and did not violate Sistrunk's due process guarantees. *See Marincas,* 92 F.3d at 203. Moreover, even if the requested transcripts had existed or been produced, the Court is not convinced that Sistrunk would have done more than point out the alleged defects therein. *See Witjaksono,* 573 F.3d at 974–75. Thus, Sistrunk fails to demonstrate how the contents of the record prevented a complete review of the issues he raised on appeal. As a result, the Court finds that the contents of the certified record did not affect Sistrunk's ability to obtain meaningful appellate review, and recommends that ground eight for relief be denied.

## III.  RECOMMENDATION

Based on the foregoing, it is recommended that Sistrunk's petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court further recommends against the issuance of a certificate of appealability, as Sistrunk has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell,* 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).


Dated: November 2, 2017                                    *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States Magistrate Judge**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAMARR SISTRUNK,

      Petitioner,

      v.

MCGINLY, SUPT. SCI-COAL
TOWNSHIP,

      Respondent.

CIVIL ACTION NO. 3:16-CV-00815

(MUNLEY, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 2, 2017**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: November 2, 2017

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**